**FILED**

MAY 26 2015

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ari Bailey, ) | |
| ) | |
| Plaintiff, ) | Case: 1:15-cv-00779 |
| ) | Assigned To : Unassigned |
| v. ) | Assign. Date : 5/26/2015 |
| ) | Description: Pro Se Gen. Civil (F Deck) |
| District of Columbia et. al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has submitted a complaint and an application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915A, which requires the Court to screen and dismiss a prisoner's complaint upon a determination that it fails to state a claim upon which relief may be granted. *See id.* § 1915A(b).

Plaintiff is a District of Columbia prisoner incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania. He has submitted a "Complaint Pursuant to Fed. R. Civ. P. 5.1 and 28 U.S.C. § 2403(b) for Notice, Certification and Intervention" to challenge the constitutionality of D.C. Code § 22-2801 (1981) (repealed by the Anti-Sexual Abuse Act of 1994, D.C. Law 10-257, § 501(a)), which is the statute under which he was convicted of rape. *See Bailey v. United States*, 699 A.2d 392 (D.C. 1997). Plaintiff states no claim under § 2403(b) or Rule 5.1 because the District of Columbia is a named defendant and the statute permits a State to intervene in an action or suit "in a court of the United States to which a State or any agency, officer, or employee thereof is <u>not</u> a party[.]" 28 U.S.C. § 2403(b) (emphasis added); *see accord* Fed. R. Civ. P. 5.1(a)(1)(B) (requiring "party that files a pleading . . . . drawing into question the constitutionality of a . . . state statute [to] promptly . . . file a notice . . . if: . . . a state statute is

questioned and the parties do not include the state, one of its agencies, or one of its officers or employees in an official capacity").[1] Hence, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: May 16, 2015

_____
United States District Judge

---

[1] D.C. Code § 23-110 provides the proper vehicle for plaintiff to challenge the constitutionality of his conviction in the Superior Court of the District of Columbia. *See Blair-Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998) (describing § 23-110 as "a remedy analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wished to challenge their conviction or sentence").